UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CARL WILLIAMS,**<br>　　　　　Plaintiff,<br>v.<br>**LINODE, DAN SPATARO AND TOM ASARO,**<br>　　　　　Defendants, | MOTION TO AMEND PLAINTIFF'S CIVIL ACTION COMPLAINT TO ADD CLAIMS UNDER THE PHRA AND PFPO<br><br>NO. 2:22-cv-01618-JDW |

## I.     INTRODUCTION

Plaintiff, Carl Williams files this Motion to Amend to include analogous counts under the Pennsylvania Human Relations Act ("PHRA") and the Philadelphia Fair Practices Ordinance ("PFPO"). Defendants were on notice of Plaintiff's PHRA and PFPO claims from day 1.

> "Plaintiff was disparately treated, discriminated against, and retaliated against based on his sex/gender, sexual orientation and his age. Plaintiff brings allegations under Title VII … to remedy violations of the Pennsylvania Human Relations Act, … the Philadelphia Fair Practices Ordinance, … and the Age Discrimination in Employment Act ("ADEA") Plaintiff alleges and avers in support thereof:…" (Document 1, p. 1, ¶ 1).

Plaintiff's complaint notified Defendants about this motion on day-1.

Plaintiff will seek leave to amend this complaint to assert his PHRA and PFPO claims against the parties referenced in ¶ 9 above. *See* Federal R. Civ. P. 159a) (Courts "freely give leave to amend when justice so requires"), 15(c) (Amendments "relate back" to the date of the original pleading), and 15(d) (Document 1, p. 2-3, ¶ 7).

Plaintiff established the Court's jurisdiction over his state, and municipal claims.

8. This Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331 because it involves questions under federal law … 9. The Court has supplemental jurisdiction over Plaintiff's claims under state and local ordinance. *Id*. p. 3. ¶¶ 8-10.

Spataro and Asaro were identified as Defendants early on, and remain Defendants today.

There was no motion to dismiss, judgment on the pleadings, summary judgment, or in-limine.

Defendants first raised this issue at the pre-trial conference a week before trial.

> 15. At all times material, Defendant DANIEL SPATARO was and is an employee for Defendant LINODE. 16. At all times material, Defendant SPATARO is employed as a Director of Infrastructure Operations for Defendant LINODE. 17. At all times material, Defendant SPATARO held supervisory authority over Plaintiff. 18. At all times material, Defendant THOMAS ASARO was and is an employee for Defendant LINODE. 19. At all times material, Defendant ASARO is employed as a Chief Operating Officer for Defendant LINODE. 20. At all times material, Defendant ASARO held supervisory authority over Plaintiff. *Id*. p. 4. ¶¶ 15-20.

Defendants treated Dan Spataro and Tom Asaro as parties. They have been represented by an experienced trial team through the present. Defendants Answer begins with:

> "Defendants, Linode Limited Liability Company, Linode Limited Liability Company d/b/a Linode, LLC, Linodian, LLC d/b/a Linode, LLC, Daniel Spataro, and Thomas Asaro (collectively "Defendants"), by and through their attorneys, Jackson Lewis P.C., by way of Answer to Plaintiff Carl Williams' Complaint and Demand for Jury Trial ("Complaint"), state as follows:…" (Document 9, p. 1, ¶ 1).

There is a record of Spataro and Asaro's representation at every stage of litigation. For example:

1) Defendants' First Request for Production of Documents begins: "Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendants, Linode Limited Liability Company, Linode Limited Liability Company d/b/a Linode, LLC, Linodian, LLC d/b/a Linode, LLC, Daniel Spataro, and Thomas Asaro (collectively "Defendants"), by and through their undersigned counsel, hereby request that Plaintiff, Carl Williams ("Plaintiff"), produce the following documents…" *A copy of these document requests is attached as Exhibit 1*.

2) Defendants' First Set of Interrogatories were also propounded by Linode, Dan Spataro and Tom Asaro. *A copy of Defendants First Set of Interrogatories is attached as Exhibit 2*.

3) Plaintiff's Responses to Defendants' Interrogatories addressed to Linode, Dan Spataro, and Tom Asaro. *A copy of Plaintiff's Responses to Defendants' First Set of Interrogatories is attached as Exhibit 3. See p. 5 (referring to Defendant, Dan Spataro and Defendant, Tom Asaro, and describing the basis for claims against them both.) See p. 11 (Describing claims against the individual Defendants). See p. 14 (Additional information to support the claims against the individual Defendants).*

4) Defendants' January 6, 2023, deficiency letter was from Linode, Dan Spataro and Asaro. *A copy of the January 6, 2023, deficiency letter is attached as Exhibit 4*.

5) Defendants' Dan Spataro, Tom Asaro, and Linode propounded a Second Request for Production on January 10, 2023. *A copy of the Second Request is attached as Exhibit 5*.

6) Defendants Second Set of Interrogatories was propounded by Tom Asaro, Dan Spataro and Linode. *A copy of Defendants Second Set of Interrogatories is attached as Exhibit 6*.

7) Defendants responded to Interrogatories propounded to the Individual Defendants. *A copy of Plaintiff's First Set of Interrogatories is attached as Exhibit 14.* See Rogs 4, 6, and 7.

8) Defendants responded to Plaintiff's First Request for Production propounded to Daniel Spataro, Tom Asaro and Linode. *A copy of Plaintiff's First Request for Production of Documents is attached as Exhibit 8.* See Requests 7, 8, 9, 12, 17, 25, 27, 36, 50.

9) Defendants responded to Requests for Admissions to Dan Spataro, Tom Asaro, and Linode. *A copy of Plaintiff's Requests for Admissions is attached as Exhibit 9.*

10) Counsel, Tim McCarthy represented on the record that he conducted the deposition of Carl Williams on behalf of Dan Spataro and Tom Asaro. *A copy of the deposition transcript ("Williams Tr") is attached as Exhibit 10.* 5:14-17. See also (Williams Tr) 67:9-10 ("Question: And Tom Asaro is an individual Defendant in this case, correct?").

The PHRA and PFPO claims are perfectly analogous to the federal claims. No additional discovery is required. Nothing needs to be altered. There is no prejudice to Defendants, as they were on notice and have treated Spataro and Asaro as litigants from day-1.

**II.     BACKGROUND**

On June 8, 2021, Plaintiff filed a Charge of Discrimination with the EEOC. *The Charge is attached as Exhibit 11.* Plaintiff notified the EEOC the Charge was filed under the Pennsylvania Human Relations Act and Philadelphia Fair Practices Ordinance, ergo dual filing. *Id.* p. 1 ¶ 1. The PFPO requires exhaustion of administrative remedies. *See Marriott Corp. v. Alexander*, 799 A.2d 205, 205 (Pa. Commw. Ct. 2002) ("An employee is required to exhaust administrative remedies before seeking judicial relief under the Philadelphia Fair Practices Ordinance," Philadelphia, Pa., Code §§ 9-1100 to -1110.). The PCHR and EEOC maintain a work-sharing agreement supplied to the public. *See Philadelphia Commission On Human Relations Revised Fiscal Year 2021 Budget Testimony attached as Exhibit 12* ("The PCHR has a work-sharing agreement with the federal EEOC. … the PCHR receives $700 for each dual-filed discrimination case it investigates and closes."). *The EEOC-PCHR Work-Sharing Agreement is Exhibit 13.* The Work Sharing Agreement between the EEOC and the PCHR provides: "In recognition of, and to the extent of the common jurisdiction

and goals of the two (2) Agencies, and in consideration of the mutual promises and covenants contained herein, the FEPA and the EEOC hereby agree to the terms of this Worksharing Agreement, which is designed to provide individuals with an efficient procedure for obtaining redress for their grievances under appropriate (indicate city, state, etc.) and Federal laws." https://www.eeoc.gov/fy-2013-eeocfepa-model-worksharing-agreement-worksharing-agreement-between-philadelphia-commission. *Exhibit 14*.  By written contract, held out to the public, the EEOC and the PCHR are agents of the other and both agencies are designated agents for the purposes of receiving and drafting charges…" *See Id*. (In order to facilitate the assertion of employment rights, the EEOC and the FEPA each designate the other as its agent for the purpose of receiving and drafting charges, including those that are not jurisdictional with the agency that initially receives the charges. The EEOC's receipt of charges on the FEPA's behalf will automatically initiate the proceedings of both the EEOC and the FEPA for the purposes of Section 706 (c) and (e) (1) of Title VII.").   Charges filed at the EEOC are automatically filed with the PFPO because the EEOC is a designated PCHR agency.  "***The EEOC's receipt of charges on the FEPA's behalf will automatically initiate the proceedings of both the EEOC and the FEPA for the purposes of Section 706 (c) and (e) (1) of Title VII***."). *Id*.

      The EEOC also has a work share with the Pennsylvania Commission.  The relevant parallel state agency for Title VII purposes is the Pennsylvania Human Relations Commission ("PHRC"), created under the Pennsylvania Human Relations Act, 43 P.S. §§ 951 et seq. ("PHRA"). *See Colgan v. Fisher Scientific Co*., 935 F.2d 1407, 1414-15 (3d Cir. 1991) (regarding the EEOC filing as the Pennsylvania filing in light of EEOC regulations regarding deferral to the appropriate state agency); *Brennan v. National Telephone Directory Corp*., 881 F. Supp. 986, 993 (E.D. Pa. 1995) (noting that where there is a work share agreement, the aggrieved employee meets Title VII's

statutory filing requirement as long as the claim is filed with the EEOC within 300 days of the allegedly discriminatory conduct); *cf. Berkoski v. Ashland Regional Med. Ctr.*, 951 F. Supp. 544, 545, 547 (M.D. Pa. 1997) (work sharing agreement between the EEOC and PHRC "effectuated a filing of discrimination charges with the EEOC on the same date he filed his complaint with the PHRC"). *Chambers v. Pennsylvania*, No. 1:04-CV-0714, 2006 U.S. Dist. LEXIS 93658, at *8-9 (M.D. Pa. Dec. 28, 2006).

Plaintiff's Charge of Discrimination was filed with the EEOC, an agent of the Philadelphia Commission. Plaintiff's Charge was dual filed with the Pennsylvania Commission. Plaintiff filed the case under Title VII, the ADEA, the PHRA, and the PFPO. (Document 1, ¶ 1). Defendants are on notice regarding Plaintiff's claims, and the case has been litigated as if the state and municipal claims were in. This is evident from the way Dan Spataro and Tom Asaro have been treated, as Defendants, at every stage of this litigation.

### III.   LEGAL STANDARD

The law in the Third Circuit is clear that leave to amend should be "freely given." (quoting Fed. R. Civ. P. 15(a)). Because there is a "liberal pleading philosophy of the federal rules." *Bjorgung v. Whitetail Resort*, LP, 550 F.3d 263, 266 (3d Cir. 2008). However, a Court may deny a motion for leave to amend where there exists "undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).   Prejudice to the non-moving party is the touchstone for the denial of an amendment." *Cornell & Co., Inc. v. Occupational Safety and Health Rev. Comm'n*, 573 F.2d 820, 823 (3d Cir. 1973).  In evaluating prejudice, Courts ordinarily consider "whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or theories." *Cureton*, 252 F.3d at 273. Courts may also consider "additional equities," such as whether

amendment would be an effective use of judicial resources. "The burden is generally on the non-moving party to show why leave to amend should not be granted." *Heraeus Med. GmbH v. Esschem, Inc.*, 321 F.R.D. 215, 217 (E.D. Pa. 2017) (*quoting Rizzo v. PPL Serv. Corp.*, No. 03-5779, 2005 U.S Dist. LEXIS 11457, at *3 (E.D. Pa. June 10, 2005)). Whether to permit amendment generally falls within the District Court's discretion. *Brooks v. State Coll. Area Sch. Dist.*, No. 4:22-CV-01335, 2023 U.S. Dist. LEXIS 214654, at *5-6 (M.D. Pa. Dec. 1, 2023).

**IV.     ARGUMENT - Plaintiff does not seek to add new parties, claims, or facts and only asks to add legal counts for the facts and parties already in the case.**

Plaintiff only seeks to add new counts.  Plaintiff's amended complaint does not require new facts, parties, allegations, or discovery.  The parties have been litigating claims under the PHRA and PFPO this entire time.  The complaint states that this amendment would come.  Based on this, Defendants chose not to challenge the inclusion of Spataro and Asaro.  A simple motion to dismiss would have required dismissal of both individuals.  They did not file it.  A simple motion for summary judgment would have done the same.  They did not file it.  Defendants waited until the pre-trial conference to raise this issue.  Plaintiff's counsel began with Sam Wilson, then Erica Shikunov, and then Seth Carson.  Accordingly, current counsel did not draft the complaint.  The assumption based on the accepted inclusion of the two individuals was that there were state and municipal claims in the case.  This assumption was supported by the language of the complaint that states that Plaintiff's case was filed "to remedy violations of the PHRA and PFPO." (Document 1, ¶ 1).  Defendants will certainly point to the time that has passed.

Regarding undue delay, "[t]he mere passage of time does not require that a motion to amend a complaint be denied on grounds of delay. In fact, delay alone is an insufficient ground to deny leave to amend. *Cureton*, 252 F.3d at 272-73 (3d Cir. 2001) (*citing Adams v. Gould Inc.*, 739 F.2d 858, 863 (3d Cir. 1984), and Cornell, 573 F.2d at 823).

Plaintiff's request to add counts under the PHRA and PFPO should be permitted because it would be more prejudicial to Mr. Williams if the amendment is not permitted than Defendants if the amendment is. Based on Defendants willingness to permit claims to proceed against Spataro and Asaro, and the relationship between former counsel and opposition counsel, it is certainly possible that the parties made a legitimate agreement to permit the claims to stand, knowing that a motion to dismiss would result in wasted time. If Defendants filed a motion to dismiss, Ms. Shikunov would have amended pursuant to 15(a)(2)(B) as of right, and withdrawn the individual Defendants, only to put them back in at a later date. Knowing this, if the parties, through counsel made an agreement, whether express or implied, that Defendants would not challenge the claims against the individuals, then it seems bad form to challenge them now, after litigating those claims since April 2022. The good cause standard is met because the facts show that Plaintiff's current counsel never had the opportunity to amend. The deadline for amendments passed months before the case was passed to current counsel. And current counsel was under the impression through the conduct of the parties and inclusion of individual Defendants that there were state and maniple claims in the case.

Judge Slomski was asked to rule on a similar motion in the matter of <u>Abby Slakoff v. Trustees of the University of Pennsylvania</u>. Case 2:18-cv-00794-JHS Document 33. The motion to amend was filed seven months after the initial scheduling order, which listed the fact discovery deadline as November 30, 2018. The motion to amend was filed in February 27, 2019. In granting the plaintiff's motion to amend, Judge Slomsky wrote: "If the underlying facts or circumstances relied upon by plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman*, 371 U.S. 178 at 182. Judge Slomsky explained, "The Proposed Amended Complaint adds only counts that relate to the facts alleged in the original

Complaint. (Doc. No. 27-3.) Thus, the interests of justice warrant granting the Motion seeking to file the Amended Complaint." In responding to an undue delay argument, Judge Slomsky wrote: This argument is unpersuasive. Plaintiff's proposed additions to the Complaint do not include new facts. Rather, Plaintiff proposes to add only new legal counts under the PHRA and PFPO that support the facts already alleged.

Carl Williams asks to do the same, and add the counts that relate to the facts already pled. There will be no additional facts. There will be no additional categories of damages. There will be no additional parties. There will be no additional legal theories. The only change will be that if the jury issues a verdict above $300,000 in punitive and/or compensatory damages, Carl Williams will have the opportunity to be awarded the money above $300,000.

For these reasons, Plaintiff asks that he be permitted to file the attached amended complaint, which includes only legal counts, already described in the current complaint, attached to facts already pled. Plaintiff's proposed Amended Complaint is attached as Exhibit 15.

**DEREK SMITH LAW GROUP, PLLC**

By: ____/s/ Seth D. Carson_____
Seth D. Carson
1835 Market Street
Suite 2950
Philadelphia, Pennsylvania 19103
(215) 391-4790
*Attorney for Plaintiff*

DATED: January 13, 2024

## CERTIFICATE OF SERVICE

And now on January 13, 2024, Plaintiff's counsel certifies that the preceding Motion to Amend was served upon counsel for Defendants below through the Court's ECF system.

**Stephanie J. Peet**
**Timothy M. McCarthy**
**Jonathon Cavalier**
Three Parkway
1601 Cherry Street, Suite 1350
Philadelphia, PA 19102
T: (267) 319-7802
F: (215) 399-2249
Stephanie.Peet@jacksonlewis.com
Timothy.McCarthy@jacksonlewis.com
*Attorneys for Defendants*

**DEREK SMITH LAW GROUP, PLLC**

By: ____/s/ Seth D. Carson_____
    Seth D. Carson
    1835 Market Street
    Suite 2950
    Philadelphia, Pennsylvania 19103
    (215) 391-4790
    *Attorney for Plaintiff*

DATED: January 13, 2024